FILED
2024 Nov-26 PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B



R. Bruce Barze, Jr.
Partner
Telephone: (205) 872-1015
Email: bbarze@btnllaw.com

November 5, 2024

*Via Email*

Katherine B. Riley
Barrett Law Group, P.A.
P.O. Box 927
Lexington, MS 39095

      Re:    *David and Mary Sills v. Southern Baptist Convention, et al.*
                U.S. District Court, Middle District of Tennessee, No. 3:23-cv-00478

Dear Counsel:

      I am in receipt of the two subpoenas issued by your office in this case to me personally and to my law firm, Barze Taylor Noles Lowther LLC ("BTNL"). Pursuant to Rule 45(d)(2)(B), we object to the subpoenas and to Plaintiffs' request to inspect or obtain copies of the documents described in Exhibit A.

      As an initial matter, the subpoena is defective for failure to comply with the mandates of Rule 45 and Middle District of Tennessee Local Rule 45.01. Rule 45(a)(4) requires—***before a subpoena is served***—that "a notice and a copy of the subpoena must be served on each party" when "the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial...." Second, LR 45.01(d) provides as follows:

> **Timing of Subpoenas for Production of Documents**. Whenever a party issues a subpoena for the production of documents to a person not a party to the action pursuant to Fed. R. Civ. P. 45, the party issuing the subpoena must serve a copy of the subpoena by facsimile, electronically, or by hand delivery upon counsel for every other party to the action ***at least two (2) business days prior to service of the subpoena***. Each party to the action in which such a subpoena is served shall have the right to inspect and copy documents

Katherine B. Riley
November 5, 2024
Page 2 of 4

produced pursuant to such a subpoena, absent an order of the Court to the contrary. (emphasis added).

The purpose of the requirement of prior notice:

is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things. Such additional notice is not needed with respect to a deposition because of the requirement of notice imposed by Rule 30 or 31. But when production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced.

FED. R. CIV. P. 45 committee note, 1991 amendments.

Plaintiffs did not comply with these rules requiring notice to the other parties. My office was served with the subpoenas at approximately 10 am CT on November 4, 2024, yet your office did not provide notice to counsel for Defendants in Sills until your paralegal sent an email two hours later, at 12:12 pm CT. For this reason alone, the subpoenas are void and unenforceable. *See, e.g., Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163 (10th Cir. 2003) (affirming district court's determination that attorney violated Rule 45 by failing to give opposing counsel prior notice before serving subpoenas for documents); *Fla. Media, Inc. v. World Publications, LLC*, 236 F.R.D. 693 (M.D. Fla. 2006) (finding subpoenas that plaintiff's counsel issued to non-parties were void and unenforceable, where counsel did not give prior notice to defendant by serving opposing counsel with the subpoenas).

As for the subpoena issued to me personally, any files maintained in this office relating to the Sills case are BTNL's files, not my personal files, so the subpoena issued to me personally is misplaced. Thus, even if the subpoena were not defective and objectionable based on relevance and privilege, I do not have any personal documents responsive to your subpoena.

As for the subpoena issued to BTNL, we object on the grounds that the subpoena seeks production of documents that are not relevant and that are protected by attorney-client privilege, attorney work product, and common interest/joint defense privilege. Candidly, it is difficult to conceive of any of BTNL's communications "with any person and/or entity ... except for Eric Geiger," concerning the Sills case that are not protected by privilege and the work product doctrine. For instance, this law firm's communications with the insurer providing a defense to Eric Geiger are privileged attorney-client communications. Similarly, any communications with counsel for other defendants contain attorneys' mental impressions, as well as trial and case strategy, and all were prepared during the pendency of the lawsuit—in anticipation of further litigation. In addition, in Tennessee, the common

Katherine B. Riley
November 5, 2024
Page 3 of 4

interest privilege permits the participants in a joint defense to communicate among themselves and with their attorneys on matters of common legal interest for the purpose of coordinating their joint legal strategy. *See Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203 (Tenn. Ct. App. 2002).

Moreover, discovery directed to opposing counsel is disfavored.[1] *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999) ("federal courts have disfavored the practice" of seeking discovery from a party's attorney and have cautioned that "the practice should be employed only in limited circumstances"). Discovery from an opposing counsel is limited to where the party seeking the discovery has shown that (1) no other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). *See also Ellipsis, Inc. v. The Color Works, Inc.*, 227 F.R.D. 496 (W.D. Tenn. May 19, 2005) (holding *Shelton* test should be applied when attorney to whom discovery is directed is either trial/litigation counsel or the subject matter of the discovery may elicit litigation strategy). "The work product doctrine not only protects from discovery materials obtained or prepared in anticipation of litigation, but also the attorney's mental impressions, including thought processes, opinions, conclusions, and legal theories." *Shelton*, 805 F.2d at 1328 (citing *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)). The Sixth Circuit has applied *Shelton's* second prong to quash subpoenas against opposing counsel where the information sought was privileged. *Alomari v. Ohio Dept. of Public Safety*, 626 Fed. Appx. 558, 574 (6th Cir. 2015); *see also Avis Rent a Car Sys., LLC v. City of Dayton, Ohio,* No. 3:12-cv-399, 2013 WL 3778922, at *2 (S.D. Ohio July 18, 2013). Plaintiffs cannot demonstrate that *any* of the information sought by the subpoenas is relevant or nonprivileged, much less crucial to the preparation of their case. In short, there is no legitimate justification for subpoenas directed to one of your opposing counsel in this case.

Additionally, the Court handling the <u>Sills</u> case has recognized the presumptively privileged nature of documents generated after the filing of a complaint—which are the only documents your subpoenas are seeking. The Court's September 12, 2018 Administrative Order No. 174-1 entitled "Default Standard for Discovery of Electronically Stored Information," provides in Section 8.b. that, "Parties are not required to include on privilege logs any document generated after the filing of the complaint."

---

[1] Not only has this law firm been opposite Plaintiffs' counsels' firms in this case and in parallel litigation in Alabama, BTNL remains counsel opposite to the lawyers for Mr. and Mrs. Sills. The Court's March 9, 2024 Order dismissing Plaintiffs' claims against Eric Geiger has not been made final pursuant to Rule 54(b).

Should you decide to proceed with motion practice in the Northern District of Alabama,[2] we will oppose that vigorously and seek sanctions for this abusive and frivolous exercise. Courts have noted that the injury resulting from attorney misuse of the subpoena power is not limited to the harm it inflicts upon the parties. Rather, misuse of the subpoena power also compromises the integrity of the court's processes. *United States v. Santiago-Lugo*, 904 F. Supp. 43, 48 (D.P.R. 1995) (recognizing that "[t]he mere fact that an attorney abuses the subpoena power directly implicates the Court itself and causes an embarrassment to the institution"). With the power to coerce production goes the "increased responsibility and liability for the misuse of the power." *See* FED. R. CIV. P. 45 committee note, 1991 amendments. When the power is misused, public confidence in the integrity of the judicial process is eroded.

The typical Uniform Initial Order for the Northern District of Alabama provides as follows: "Prior to filing any motion in [a] case, moving counsel shall contact the opposing counsel and determine if counsel will oppose the motion. All motions SHALL include, in the caption under the case number, a notation that the motion is either "Opposed" or "Unopposed." The first paragraph SHALL briefly summarize the parties' attempts to resolve the issue(s) and set forth areas of agreement and disagreement."  If you believe there are any relevant, non-privileged documents contained in BTNL's files that would be responsive to your subpoenas, I invite you to contact me to discuss the same.

Yours Truly,

*R. Bruce Barze, Jr.*

R. Bruce Barze, Jr.

RBBjr/me

cc:    All counsel of record

---

[2] Pursuant to Rule 54(d), the serving party must move the court for the district where compliance is required for an order compelling production or inspection.